## S90A1409. McCORKLE v. BIGNAULT.
(399 SE2d 916)

FLETCHER, Justice.

In 1979, the Georgia Indigent Defense Act (the "Act"), creating a state-funded indigent defense program was enacted by the legislature, Ga. L. 1979, p. 367; OCGA § 17-12-30 et seq. In September of 1989, the Chatham County Board of Commissioners (the "board") adopted a resolution expressing its intent to participate in the program and thereby receive state funding to assist the county in the provision of adequate defense services for indigent persons accused of crimes in the county. The resolution also provided that the board supported and committed itself to follow the procedures set forth in the Guidelines of the Georgia Indigent Defense Council for the Operation of

Local Indigent Defense Programs (the "guidelines").

As required by OCGA § 17-12-37, a tripartite committee was established to implement and manage the county's indigent defense program. The committee consists of nine members: three appointed by the board, three appointed by the Chatham County Superior Court (the "court"), and three appointed by the local bar association. Electing to implement the panel program suggested by the guidelines, the tripartite committee selected a panel of local attorneys to whom indigent defense cases are assigned on a rotating basis by the court.

The guidelines direct that the local tripartite committee appoint an administrator to manage the panel program and that the tripartite committee determine the exact amount of compensation to be paid to the panel attorneys pursuant to limits set forth in the guidelines. The guidelines also set forth a specific method for dealing with fee requests of attorneys participating in the panel program.

If a fee request is in proper form, valid on its face and within the limits set by the local tripartite committee, the program's administrator may submit the fee request to the county or other appropriate authority for payment. However, if the fee request exceeds the limits, the administrator must submit it to the local tripartite committee for action. If the attorney who submitted the fee request is not satisfied with the action taken by the tripartite committee, the attorney may appeal the tripartite committee's action on the fee request to the court. Otherwise, after the tripartite committee's action on the request, the request should be submitted to the county or other appropriate authority for payment.

In spite of the fee approval procedure dictated by the guidelines, followed by the tripartite committee, and agreed to by resolution of the board, appellant has maintained that, before payment can be made by the county, appellant, as chairman of the board, must review and approve all requests for payment of attorney fees in excess of $999. As a result, the tripartite committee authorized appellee, as its chairman, to file suit against appellant seeking injunctive relief.

In an earlier mandamus action, four attorneys, appointed by the court to represent various indigent defendants in various criminal matters, sought to force appellant herein to pay them the attorney fees that had been approved by the tripartite committee for their services. The mandamus action and the present action were assigned to the same judge. In the earlier action, the request for a writ of mandamus was denied in a lengthy order wherein the court held that such relief was not appropriate since approval of requests for attorney fees was not an official duty of appellant and since appellant was acting without justification of law and without any authority in requiring his approval of such requests before they could be paid.

Because of his ruling in the previous action, appellant unsuccess-

fully sought to have the trial judge recuse himself from the present action. After a hearing, the court granted the injunctive relief sought by the tripartite committee. The court also found that appellant had acted without legal justification in requiring his approval of requests for attorney fees prior to their payment, that appellant was on notice that such actions were ultra vires yet persisted in the actions despite such notice and that his defense of the present action lacked substantial justification. Based upon these findings, the court assessed attorney fees and costs against appellant individually. Appellant appeals these rulings. We affirm in part and reverse in part.

1. Appellant argues that the court erred by restraining him from reviewing the requests for attorney fees prior to their payment because he contends that it is one of his duties, as chairman of the board, to approve all requests for county funds in excess of $999. Appellant also argues that he is not contending that he has the authority to approve or disapprove an order from the superior court for payment of such attorney fees but that a request for payment of such fees from the program administrator or from the tripartite committee is not such an order.

The practice of having the chairman of the board review and approve all requests for county funds in excess of $999 prior to their disbursement is not mandated by any county ordinance but appears to be merely a matter of custom in the county. Appellant's argument that the county's purchasing ordinance impliedly allows appellant to approve all such requests is without merit.

When the board resolved to participate in the state-funded indigent defense program, it agreed to follow the guidelines as to the operation of such program. The guidelines are clear as to the requisite procedure for approving fee requests of attorneys assisting in a panel program and those guidelines provide for a procedure that is independent of the county except to the extent of the county's representatives on the tripartite committee.

Appellant is correct that OCGA § 17-12-44 does recognize "the inherent authority of the court to appoint counsel to represent indigent defendants and to order compensation and reimbursement from county funds in individual cases as the proper administration of justice may require." However, such recognition does not require that the court exercise that inherent authority in each criminal case where counsel is appointed for an indigent defendant.

Chatham County may choose not to participate in the state-funded program and not receive any state funds to assist them in meeting the costs of indigent defense. However, if the county chooses to continue to participate in the state-funded program, the county and the appellant must follow the program's guidelines and allow the tripartite committee and the local program administrator to function

in the roles that have been created and defined for them by the Act.

Accordingly, we hold that it was not error for the court to enjoin appellant from requiring his approval prior to the disbursement of county funds in response to requests for attorney fees for indigent defense. Likewise, the court did not err in assessing attorney fees and costs against appellant; both were proper pursuant to OCGA § 9-15-14.

2. Appellant contends that the court erred by enjoining him from interfering with disbursements of the appropriation provided by the board to the court and the Eastern Judicial Circuit and from approving or disapproving orders of the court and requests initiated by the court administrator for all funds appropriated by the board for the court. Appellant contends that neither issue was litigated below and, therefore, the portion of the injunction that deals with those issues was an abuse of the court's discretion.

To the extent that the injunction concerned the use of funds appropriated by the county and/or the Georgia Indigent Defense Council for provision of indigent defense, such issues were litigated below and the actions of the court were well within its discretion. However, the injunction should be limited to the issue of funds allocated for indigent defense; to the extent that it goes beyond that issue, the injunction must be set aside.

3. Appellant argues that the court erred in restraining him from giving directions to employees under the control of the county manager for the same reasons he asserted in support of his argument in Division 2. To the extent that the injunction prohibits appellant from giving directions to or interfering with such employees when they are performing acts in connection with use of the funds appropriated by the county and/or the Georgia Indigent Defense Council for the provision of indigent defense, such issues were litigated below and the actions of the court were well within its discretion. However, the injunction must be limited to the performance of acts, by those employees, in connection with the use of the funds allocated for indigent defense. To the extent that the injunction goes beyond those issues, it must be set aside.

4. Appellant also contends that the court erred in denying appellant's motion for recusal. In accordance with Uniform Superior Court Rule 25.2, the trial judge, after reviewing the verified motion for recusal, made a finding that recusal would not be warranted. We have reviewed the motion and find that although it was timely, the motion and accompanying affidavit were not legally sufficient. We hold that the trial court did not err in denying the motion.

The case is affirmed in part, reversed in part as to Divisions 2 and 3 and remanded to the trial court for further proceedings not inconsistent with this opinion.

*Judgment affirmed in part, reversed in part and remanded. All the Justices concur.*

DECIDED JANUARY 31, 1991.

*Brennan, Harris & Rominger, Edward T. Brennan, Emily E. Garrard,* for appellant.
*Falligant & Toporek, Robert E. Falligant, Jr.,* for appellee.