## A96A1317. IN RE ECHOLS.
### (475 SE2d 658)

BEASLEY, Chief Judge.

In this case, attorney Echols contests the authority of the Juvenile Court of Henry County to require the placement of his name on a court-appointed list of attorneys who provide representation for indigent defendants in juvenile court.

In accordance with the Georgia Indigent Defense Act (OCGA § 17-12-30 et seq.) and the Guidelines of the Georgia Indigent Defense Council for the Operation of Local Indigent Defense Programs, the Judges of Superior and Juvenile Courts of the Flint Judicial Circuit elected to provide indigent defense services in those courts through a Panel Attorney Program. An order entered by these judges in 1992 sets forth rules and guidelines for the operation of the panel program. Under the 1992 order, the superior court in each county in the circuit designates one attorney to administer the program and appoint counsel for indigent defendants. In Henry County, the program is composed of attorneys who volunteer to be on the panel.

The Juvenile Court of Henry County also maintains its own list of attorneys who have voluntarily provided indigent defense services in juvenile court. In 1995, the judge of the Henry Juvenile Court determined that it was necessary to increase the number of attorneys on the court-appointed list because of a heavier caseload. The judge directed the clerk of the court to add Echols' name to the list, but he refused to accept cases to which he was appointed.

As a result, the judge convened a hearing but later recused himself on motion by Echols. A juvenile court judge from another judicial circuit was appointed, held an evidentiary hearing, and entered an order concluding that the Henry Juvenile Court has the authority to require the placement of Echols' name on the court-appointed list.

1. Echols' primary argument is that the existence of the panel attorney program precludes the juvenile court from utilizing an alternative method for appointing attorneys to represent indigent defendants.

By participating in a program operated under the Indigent Defense Act and its guidelines, a county thereby receives state funding to assist the county in the provision of indigent defense services. *McCorkle v. Bignault*, 260 Ga. 758 (399 SE2d 916) (1991). The Act "is intended to apply only to programs receiving state appropriated funds as provided for in [the Act]." OCGA § 17-12-43. "Nothing in [the Act] shall preclude a superior court or county governing authority from establishing a local defense program . . . which utilizes local, private, or federal funds available to the county." Id.

The Act, in OCGA § 17-12-38.1, does state that state funded local

indigent defense programs and local indigent defense programs "*shall* provide legal representation for indigents in . . . *all* actions and proceedings within the juvenile courts of this state in which a person is entitled to legal representation under the Constitution of the United States or the Constitution and laws of the State of Georgia. . . ." (Emphasis supplied.) Nonetheless, in OCGA § 17-12-44, the Act "expressly recognizes the inherent power of the court to appoint counsel to represent indigent defendants and to order compensation and reimbursement from county funds in individual cases as the proper administration of justice may require." *McCorkle*, supra at 760; *Sacandy v. Walther*, 262 Ga. 11, 12 (n. 4) (413 SE2d 727) (1992). Similarly, the 1992 order expressly states that the inherent power of the court to appoint counsel has not been abrogated. This power is possessed by the juvenile court as well as the superior court.

Therefore, the existence of the state-funded indigent defense program does not deprive the juvenile court of its authority to make its own appointments of attorneys who are compensated with county funds for representing indigent defendants in individual cases. As an administrative tool, the court may exercise this authority by maintaining a list of attorneys for such cases.

2. For various reasons, Echols asserts that the juvenile court abused its authority in ordering that his name be added to the list of court-appointed attorneys.

He argues that his equal protection rights have been violated because the court cited his youth as a reason for requiring him to involuntarily accept indigent cases. It appears that in making this statement, the court was merely attempting to exhort Echols to fulfill his responsibility to the public as a lawyer. The record in no way establishes that Echols is the victim of age discrimination.

Nor does the record support Echols' assertion that the court abused its authority by not ordering that the names of other qualified attorneys in the county be placed on the list. The record shows that the court has attempted to obtain indigent defense services from a member of each law firm in the county, excusing attorneys who are either disqualified or unqualified. It does appear that there are some law firms in the county without any lawyers currently on the court-appointed list. However, it further appears that lawyers in such firms have been on the list in the past, and such firms either do not currently have any qualified lawyers or do have qualified lawyers who are willing to accept current appointments. On the other hand, it does not appear that either Echols or any other lawyer in his firm is willing to accept any current appointments; and Echols, who has never been on the court-appointed list, does not maintain that he is either disqualified or unqualified.

*Judgment affirmed. Birdsong, P. J., and Blackburn, J., concur.*

DECIDED AUGUST 12, 1996 —
RECONSIDERATION DENIED AUGUST 27, 1996.

*Blount, Cash, Amos & Godwin, Ernest D. Blount*, for appellant.
*Crumbley & Chafin, Wade M. Crumbley*, for appellee.